IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION | Master Docket: Misc. No. 21-1230 <br><br> MDL No. 3014 |
| This Document Relates to: | |
| Terry Wagner v. In re: Philips Recalled C-PAP Bi-Level PAP and Mechanical Ventilation Products Litigation | Case No. 2:24-CV-1249 |
| David C. Gevas v. In re: Philips Recalled C-PAP Bi-Level PAP and Mechanical Ventilation Products Litigation | Case No. 2:24-CV-1264 |
| Andrei G. Pagsisihan v. Konninklijke Philips, N.V., et al. | Case No. 2:24-CV-1265 |

**MEMORANDUM OPINION**

I.   **Introduction**

Pending before the court are motions for appointment of counsel filed by plaintiffs Terry Wagner ("Wagner"), (Civ. No. 24-1249, ECF No. 5); David C. Gevas ("Gevas"), (Civ. No. 24-1264, ECF No. 3); and Andrei G. Pagsisihan ("Pagsisihan"), (Civ. No. 24-1265, ECF No. 13), all of whom are pro se prisoners. Additional motions were filed by Wagner to proceed in the class action, (Civ. No. 24-1249, ECF No. 4), to extend the identification deadline date (Civ. No. 24-1249, ECF No. 7), and to set a telephonic status court date (Civ. No. 24-1249, ECF No. 8). Gevas filed a motion to join the class action master docket number 21-mc-1230 (Civ. No. 24-1264, ECF No. 2), and an additional motion on March 4, 2025, for recruitment of counsel and extension of

time for registration in the settlement program for certain personal injury claims, (ECF No. 24-1264, ECF No. 7). The motions will be resolved without a response from the parties.

II.     Discussion

    A.     Background

In a civil case, district courts may inquire whether an attorney will agree to represent an indigent incarcerated plaintiff. *See Tabron v. Grace*, 6 F.3d 147, 154-55 (3d Cir. 1993). An attorney cannot be compelled to represent a party in a civil case, even for an incarcerated person. As explained in *DeGenes v. Federal Bureau of Investigation*, No. CV 20-971, 2020 WL 4925680 (W.D. Pa. Aug. 21, 2020):

> A civil litigant does not have a constitutional or statutory right to appointed counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). The court cannot compel an attorney to represent [a civil plaintiff] or negotiate an attorney-client engagement on [a civil plaintiff's] behalf. Instead, the court would have to inquire whether an attorney was willing to represent him pro bono. The court of appeals has recognized that pro bono attorney time is a "precious commodity," and district courts should exercise care in appointing counsel. *Id.* at 499. Before appointing pro bono counsel, the court must screen the case for arguable merit and consider the "*Tabron* factors." *Id.* (citing *Tabron*, 6 F.3d at 155-56).

*Id.* at *2. To be clear, even if the court were to solicit an attorney to act pro bono, no attorney can be compelled by the court to represent an indigent person in a civil case. *DeGenes*, 2020 WL 4925680 at *2 (citing decisions).

Before seeking an attorney to represent a civil plaintiff who is incarcerated, the court must make a threshold finding that the claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155. If the motion survives this threshold inquiry, the court considers a number of other factors: (1) the merits of the claim; (2) the movant's ability to present his case considering his education, literacy, experience, and the restraints placed upon him by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and his

ability to pursue such investigation; (5) his capacity to retain counsel on his own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *Id.* at 155-56. The list of factors is not exhaustive, and no factor is determinative. *Id.* at 157.

**B.   Analysis**

The court is unable to perform a threshold evaluation in any of the above-captioned cases based on the information provided by the relevant movant. In particular, the court cannot make a threshold finding about the arguable merits of any claim. Wagner's amended complaint purports to assert a claim for personal injuries because he alleges symptoms tied to the C-PAP recall (Civ. No. 24-1249, ECF No. 3 at 3-4). Gevas's complaint alleges personal injuries, but does not identify whether he has qualifying injuries to be eligible for the settlement (Civ. No. 24-1264, ECF No. 4 at 2-3). Pagsisihan's amended complaint purports to assert a claim for personal injuries with scant details (Civ. No. 24-1265, ECF No. 12 at 2).

The parties in this multidistrict litigation ("MDL") notified the court that they reached a private settlement of certain of the personal injury claims, i.e., for those plaintiffs with Qualifying Injuries.[1] (Civ. No. 21-1230, ECF No. 2212).

---

1. "Qualifying Injury means either a Qualifying Respiratory Injury or a Qualifying Cancer: Qualifying Respiratory Injury means, as demonstrated through proof of diagnosis or treatment, respiratory impairment (e.g., new or worsening asthma, new or worsening COPD, chronic bronchitis, bronchiectasis, sarcoidosis, acute respiratory distress syndrome, reactive airways dysfunction syndrome, pulmonary fibrosis, pneumonitis, other interstitial lung disease, other obstructive or restrictive lung disease).
Qualifying Cancer means one of the following, as demonstrated through proof of diagnosis or treatment: lung cancer; certain blood cancers (acute myeloid leukemia (AML), chronic myeloid leukemia (CML), or mucosa associated lymphoid tissue (MALT) of the air-pathway lymphoid tissue); or ENT/pathway cancers (e.g., oral cavity cancers; oropharynx cancer; nasal cavity/sinus cancer; nasopharynx cancer; larynx cancer; hypopharynx cancer; salivary cancer; esophageal cancers; thyroid cancers)." (Settlement Agreement, Civ. No. 21-1230, ECF No. 2768-1 at 4).

The Philips Defendants[2] will be making the final installment of a $1.075 Billion payment to a settlement fund on March 14, 2025. (Transcript, Civ. No. 21-1230, ECF No. 3181 at 34). The settlement agreement is available on the docket at ECF No. 2768. This private settlement agreement along with the economic loss claims settlement (Civ. No. 21-1230, ECF No. 2736) and the medical monitoring claims settlement (Civ. No. 21-1230, ECF No. 3053) will negate the need to continue with certain of the class action litigations and essentially moots Wagner's motion to proceed in those aspects of the consolidated actions pending before this court, (Civ. No. 24-1264, ECF No. 2). None of the movants provided information about whether or not they are eligible for -- or are already participating in -- the private settlement.

In connection with the private settlement, the court entered a docket management order (ECF No. 2769), an identification order (ECF No. 2770) and an amended identification order (ECF No. 2828). Of potential relevance to the pending motions, the amended identification order required "all Pro Se Eligible Claimants, to provide certain information no later than June 21, 2024." (*Id.*) None of the movants explained whether they had complied with the amended identification order. In sum, the court is unable to evaluate whether any of the movants' claims have any legal merit or will be eligible to participate in the private settlement.

The court also needs additional information about the other *Tabron* factors. The court recognizes that the status of each of the movants as an inmate will greatly limit his ability to litigate this case. Each movant has made at least some effort to obtain a lawyer. Wagner and Gevas each list in their respective requests several law firms they contacted, but from whom they were denied representation. The court denied without prejudice a previous motion for appointment of counsel

---

2. The Philips Defendants are Philips RS North America LLC, Koninklijke Philips N.V., Philips North America LLC, Philips Holding USA Inc., and Philips RS North America Holding Corporation.

-4-

filed by Pagsisihan. (Civ. No. 24-1737, ECF No. 9).  Attached to the motion were a letter from Pagsisihan dated January 18, 2024, in which he sought representation from the Prisoner's Rights Project, and a letter from a law firm in Baltimore, Maryland, dated April 12, 2024, in which the firm declined to represent him.

None of the movants explained whether they contacted the plaintiffs' leadership team or the settlement administrator to seek assistance in participating in the private settlement.  As noted above, the court is unable to discern whether each movant is seeking counsel to litigate a separate personal injury case against defendants, or, in the alternative, is seeking counsel to assist with eligible settlement claims.

The court inquired about the status (but not the merits) of movants' motions at the February 25, 2025, MDL status conference. (Transcript, Civ. No. 21-1230, ECF No. 3181 at 15-18). At the status conference, the court was advised that the settlement administrator had sent letters ("Settlement Program Letters")[3] in which the administrator invited the recipients, which included Wagner and Pagsisihan, to contact the settlement administrator and request help to determine if they had qualifying injuries and, if so, for help in the settlement process. (*Id.*) The settlement program registration deadline of January 31, 2025, for all claimants, was extended for incarcerated claimants to March 31, 2025, (*id.* at 4, 26), and has been further extended for those claimants to April 30, 2025 (Civ. No. 21-1230, ECF No. 3236). Gevas was sent a Settlement Program Letter on February 7, 2025, and the Program Settlement Letters will be reissued to Wagner and Pagsisihan, inviting them, if eligible, to participate in the private settlement program. (Transcript, Civ. No. 21-1230, ECF No. 3181 at at 26). Each movant is now eligible to elect to participate in the settlement program, ***if*** **he contacts the settlement administrator by [now April 30, 2025]**,

---

3. Example Settlement Program Letter at Civ. No. 21-1230, ECF No. 3236-1.

**and establishes himself as an "eligible claimant" by alleging he is a U.S. Citizen or resident with a Qualified Injury from use of a recalled device.** (Settlement Program Letter, Civ. No. 21-1230, ECF No. 3236-1). Per the letter, "If you satisfy this definition and want to participate, please reply to [the letter] and complete and sign the attached Registration Packet forms as soon as possible: (1) Registration Form; (2) Release; and (3) Lien Disclosure and Authorization Form." (*Id.*). As long as a movant contacts the settlement administrator by April 30, 2025, per the court's revised deadline, (Civ. No. 21-1230, ECF No. 3236), the settlement administrator will assist each movant with registration for the settlement, if desired, and any efforts required to establish qualifying injuries. (Transcript, Civ. No. 21-1230, ECF No. 3181 at 16).

With respect to Wagner's motion to extend the identification deadline date (Civ. No. 24-1249, ECF No. 7), and Gevas's motion for extended time, (ECF No. 24-1264, ECF No. 7), the registration, which closed on January 31, 2025, as noted, was extended to March 31, 2025, and further extended to April 30, 2025, (Civ. No. 21-1230, ECF No. 3236), for incarcerated claimants, like the movants, to contact the settlement administrator. Because the settlement administrator will assist with settlement program registration, and the follow-on steps to participate in the settlement, if a movant is eligible, additional time beyond April 30, 2025, is not required.

In sum, each motion for appointment of counsel will be denied without prejudice. The *Tabron* factors do not support appointment of counsel at this time. If a movant is not eligible for the private settlement, the movant will be able to file a new motion that analyses the *Tabron* factors and demonstrates why the court should solicit a volunteer attorney to contribute the "precious commodity" of pro bono time to assist him.

**III.   Conclusion**

In accordance with the foregoing, the court concludes as follows:

A. Wagner's motion to appoint counsel (Civ. No. 24-1249, ECF No. 5) will be denied without prejudice;

B. Gevas's motion to appoint counsel (Civ. No. 24-1264, ECF No. 3) will be denied without prejudice;

C. Pagsisihan's motion to appoint counsel (Civ. No. 24-1265, ECF No. 13) will be denied without prejudice;

D. Wagner's motion to proceed in the class action (Civ. No. 24-1249, ECF No. 4) will be denied as moot because the personal injury claims being settled are individual claims not class action claims.

E. Wagner's motion to extend the identification deadline date (Civ. No. 24-1249, ECF No. 7) will be denied as moot because the deadline date for incarcerated persons has been extended from January 31, 2025, to April 30, 2025.

F. Wagner's motion to set a telephonic status court date (Civ. No. 24-1249, ECF No. 8) will be denied, without prejudice. Wagner should first contact the settlement administrator to determine whether he is able to participate in the private settlement program.

G. Gevas's motion to join the class action master docket number 21-mc-1230 (Civ. No. 24-1264, ECF No. 2) will be denied as moot because his case is already linked to the master docket number.

-8-

H.  Gevas's motion for recruitment of counsel and extension of time for registration in the settlement program (ECF No. 24-1264, ECF No. 7) will be denied, without prejudice with respect to recruitment of counsel and denied as moot with respect to extension of time. He needs to contact the settlement administrator no later than April 30, 2025, to seek assistance with the registration process.

An appropriate order will follow.

BY THE COURT:

March 19, 2025

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Court Judge